Joseph H. SOLIEN, Regional Director of Region 14 National Labor Relations Board, for and on Behalf of the NATIONAL LABOR RELATIONS BOARD, Petitioner,

v.

MERCHANTS HOME DELIVERY SERVICE, INC., Respondent.

No. 76–597 C (4).

United States District Court, E. D. Missouri, E. D.

July 28, 1976.

Vance D. Miller, N. L. R. B., Region 14, St. Louis, Mo., Joseph E. Mayer, Alan R. Fener, Asst. Gen. Counsels, N. L. R. B., Washington, D. C., for petitioner.

Daniel J. Sullivan, Timothy L. Stalnaker, Lewis, Rice, Tucker, Allen & Chubb, St. Louis, Mo., for respondent.

## MEMORANDUM

MEREDITH, Chief Judge.

This matter is before the Court on request of the petitioner to issue a temporary restraining order to retain the status quo pending a decision by the National Labor Relations Board. The facts as presented by the evidence show that J. C. Penney & Company, at 1218 South Vandeventer, St. Louis, Missouri, had a contract with Am-Del-Co. This contract was in effect up to and including January 14, 1976, at which time J. C. Penney entered into a contract with Merchants Home Delivery Service, Incorporated, for the delivery of furniture and appliances. Petitioner contends that the respondent in this cause is a continuation of Am-Del-Co., performing the same work in the same enterprize with the same employees or a majority of the same employees as were working for Am-Del-Co., and, accordingly, the respondents are in violation of section 185 of the National Labor Relations Act by refusing to bargain with Teamster Local Union No. 688.

Respondent contends that it has no connection with Am-Del-Co. and that it has no employees, that the drivers are independent contractors, and, accordingly, it has no duty to bargain with Teamsters Local Union No. 688.

This matter was heard on July 16, 1976. It was also scheduled for a hearing before a hearing officer of the National Labor Relations Board on July 19, 1976. That hearing has now been concluded, testimony has been taken, both sides have been heard.

This Court is of the opinion that there is no cause to issue a temporary restraining order or injunction. This is a matter for determination by the National Labor Relations Board.

An order will be issued denying the injunction and dismissing the cause without prejudice, because of the long delay from the actions in question to the time of hearing before this court and the fact that the hearing officer has heard the cause.